UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA


UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                   Case   No.     00-6317  FERGUSON

PETER HOLLAND,

      Defendant.

---

## MOTION FOR REDUCTION OF SENTENCE BASED ON GUIDELINE AMENDMENT

---

      COMES NOW the Defendant, PETER HOLLAND, and respectfully moves this Honorable Court, pursuant to 18 U.S.C.A. §3582 (c)(2) and §1B1.10 of the Sentencing Guidelines, to reduce his sentence based upon the amendment to §2L1.2(b)(1)(A) of the Sentencing Guidelines which became effective November 1, 2001, concerning how many levels should a sentence be increased due to a prior felony committed while in the United States without the permission of the U.S. Attorney General.

      In support thereof, Defendant states as follows:

      1.    On March 30, 2001, the Defendant was sentenced in the Southern District of Florida to a term of 57 months, by this Honorable Court on one count of 'Illegal re-entry in to the U.S.A. after deportation for an aggravated felony', in violation of 8 U.S.C. § 1326 (a),(b)(2).

      2.    Pursuant to the Plea Agreement entered into between the United States Attorney and the Defendant, the United States agreed to dismiss Count II of the Indictment and recommend that the Court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section §3E1.1 of the Sentencing Guidelines, based upon the defendant's





recognition and affirmative and timely acceptance of personal responsibility.

3.    The Plea Agreement did not, however, state what prior "aggravated felony" would be used by the United States in increasing Defendant's offense by 16 levels required at that time under §2L1.2(b)(1)(A).

4.    On November 1, 2001, the Sentencing Guidelines for this type of offense changed and the Sentencing Courts now have some discretion in sentencing on this 16 level increase, depending upon the severity of the "prior aggravated felony".

5.    Based upon the new guidelines, Defendant believes his offense level could be reduced from 16 to possibly 4, and surely no more than 8. The reason that Defendant believes he could qualify for the reduction of 12 levels under §2L1.2(b)(1)(D) of the new guidelines is that the Government did not stipulate what prior "aggravated felony" they would be using to increase the Defendant's level, and under the 'Rule of Lenity', any question or ambiguity in a sentencing factor should go in the Defendant's favor.

6.    In the alternative, Defendant requests that he be given no more than the 8 level increase under 2L1.2(b)(1)(C) of the new guidelines, since the most serious prior offense attributed to the Defendant in the Presentence Investigation Report was an offense of Grand Theft, committed on April 7, 1989. Defendant was sentenced to 18 months probation on this offense.

7.    The definition in the November 1, 2001 Guideline Manual for §2L1.2(b)(1)(C) is as follows:

**2L1.2 Unlawfully Entering or Remaining in the United States**

      **(b)    Specific Offense Characteristic**

            **(1)    Apply the Greatest:**

                   **If the defendant previously was deported, or unlawfully remained in the United States, after---**

                   **(C)    a conviction for an aggravated felony,**

                       **increase by 8 levels;**

8.    Specifically, the Manual describes the application of (b)(1)(C) as follows:

**Application of Subsection (b)(1)(C)**--- **For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. §1101(a)(43), without regard to the date of the conviction of the aggravating felony.**

9.    Under Title 8 §1101 (a)(43) means----

**(G)    a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year:**

10.    Defendant Holland maintains that when these new guidelines are applied to his sentence and the Court gives him the 4 level increase instead of 8, this will mean that he will get 12 level reduction in his now present sentence.    This will qualify for an offense level of 9 with a Criminal History Category of 4, which calls for a sentence of between 12 and 18 months.

11.    If, however, the Sentencing Court decides to use the 8 level increase under the new guidelines, this will mean that the Defendant will qualify for an 8 level reduction of his now present sentence.    This will qualify for an offense level of 12 with a Criminal History Category of 4, which calls for a sentence of between 21 and 27 months.

12.    At Defendant's original sentencing on March 30, 2001, this Honorable Court imposed the low end of the guideline range as the Defendant's sentence.

13.    If this Honorable Court maintains it's position and imposes the low end of the new range, Defendant prays unto the Court to sentence him to 12 months imprisonment using the 4 level increase.    If, however, the Court uses the 8 level increase, Defendant prays unto the Court to sentence him to no more than 21 months.

WHEREFORE, based on the foregoing arguments and authorities, this

WHEREFORE, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Defendant's sentence and enter a new Judgement reflecting said change in the Defendant's sentence, and any other relief which this Honorable Court deems just and fair.

Respectfully submitted,

Dated _____

_____

Peter Holland, Pro se

## CERTIFICATE OF SERVICE

I do hereby certify that I have placed a copy of the foregoing MOTION FOR REDUCTION OF SENTENCE BASED ON GUIDELINE AMENDMENT in the U.S. Mail, First Class, postage pre-paid to:

    Scott H. Behnke
    Assistant U.S. Attorney
    500 E. Broward Blvd, 7th Floor
    Ft. Lauderdale, Fl.  33394-3002

this the ____day of December, 2001.

_____

Peter Holland, Pro se

4