UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6317-Cr-FERGUSON
Magistrate Judge Snow

UNITED STATES OF AMERICA        )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )
                                )
PETER AUSTIN HOLLAND,           )
a/k/a "Jimmy Lee Murray,"        )
                                )
        Defendant.               )
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE BASED ON SENTENCING GUIDELINE AMENDMENT

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and files this response to defendant's motion and for reasons as follow, states that the defendant is not entitled to retroactive application of the pertinent Sentencing Guideline Amendment to reduce his sentence:

1.      On March 30, 2001, the defendant was sentenced in the above styled case to 57 months incarceration for his conviction to Count One of the Indictment charging the defendant with illegal reentry of an aggravated felon.

2.      Effective November 1, 2001, Amendment 632 of the U.S.S.G., Supplement to Appendix C, amends §2L1.2(b)(1)(A).

3.      Pursuant to 18 U.S.C. §3582(c)(2), defendant filed his motion for reduction of



sentence on December 26, 2001 seeking a retroactive application of amendment to §2L1.2(b)(1)(A) of the Sentencing Guidelines which he claims entitles him to a significant reduction of his sentence.

4. Amendments to the Sentencing Guidelines reducing the sentencing range for an offense may not be applied to defendants already sentenced unless a retroactive application of the reduction is " consistent with applicable policy statements" from the Sentencing Commission. United States v. Pelaez, 196 F.3d 1203, 1205 (11th Cir. 1999); citing, 18 U.S.C. §3582(c)(2). See also, United States v. Diaz, 248 F.3d 1065, 1107-1108 (11th Cir. 2001).

5. §1B.1.10 Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) states in pertinent part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) is not consistent and thus not authorized.* (emphasis added)
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> (c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, and 606.

6. Amendment 632 not being included in §1B.1.10(c), the defendant is not entitled to retroactive application of the guidelines in reducing his sentence.

WHEREFORE, premises considered, the government respectfully requests this honorable Court deny defendant's request for retroactive application of the applicable Sentencing Guideline Amendment to reduce his sentence pursuant 18 U.S.C. §3582(c)(2).

Sincerely yours,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY
500 E. BROWARD BOULEVARD
FORT LAUDERDALE, FLORIDA 33394
Tel: (954) 356-7255 ext. 3518

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response was mailed via the United States Mail this the 6th day of February, 2002 to: Peter Holland, No. 01091-265 Yazoo FCI, P.O. Box 5000, Yazoo City, Ms. 39194-5000.

_____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY

- 3 -