UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 00-6317 FERGUSON

PETER HOLLAND,

    Defendant.

02-60385 CIV-FERGUSON
MAGISTRATE JUDGE SORRENTINO

MEMORANDUM IN SUPPORT OF U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

    **COMES NOW, PETITIONER PETER HOLLAND,** and respectfully offers this Memorandum in Support of his Section § 2255 Motion.

    Petitioner will address but one Ground on which he asks for relief and that Ground is that he was subjected to cruel and unusual punishment and clearly in of the Eighth Amendment to the Constitution of the United States. Petitioner charges that to have given him a 16 level enhancement under Sentencing Guideline §2L1.2(b)(1)(A) while using an offense of 'grand theft' as the aggravated felony to trigger this 16 level hike is ludicrous. Petitioner was only sentenced to 18 months probation on this prior offense in the beginning.

### SHORT STATEMENT OF THE CASE

    1.    On March 30, 2001, the Defendant was sentenced in the Southern District of Florida to a term of 57 months by this Honorable Court on one count of "Illegal re-entry in to the U.S.A. after deportation for an aggravated felony", in violation of 8 U.S.C. § 1326 (a),(b)(2).



2. Pursuant to the Plea Agreement entered into between the United States Attorney and the Defendant, the United States agreed to dismiss Count II of the Indictment and recommend that the Court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section §3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

3. The Plea Agreement did not, however, state what prior "aggravated felony" would be used by the United States in increasing defendant's offense by 16 levels required at that time under §2L1.2(b)(1)(A).

4. On November 1, 2001, the Sentencing Commission enacted Amendment 632 of the U.S.S.G., and with this Amendment came a change to this particular guideline that now gives the Courts some discretion on the terms of incarceration that can now be imposed pursuant to this offense. Before this change, the Courts had no discretion and if a defendant had committed any type of felony beforehand and then re-entered the U.S.A., the Court had to raise his level by 16. It did not matter if the offense was armed robbery, burglary, petty theft, shoplifting, or felonious assault. They all mandated the 16 level increase.

5. The most serious prior offense that can be attributed to the Petitioner in the instant case is an offense of Grand Theft, committed on April 7, 1989, over eleven years ago. Petitioner was sentenced to 18 months probation on this charge.

## STATEMENT OF THE ISSUE

The Sentencing Commission has known now for some time that this particular guideline, §2L1.2(b)(1)(A), left no discretion for the Courts in sentencing offenders for this offense and have made necessary changes in order to rectify this. Effective November 1, 2001, the guideline changed to allow for the Courts to sentence offenders in relation to the seriousness of the

-2-

aggravated felony they committed when they were deported.

Petitioner maintains that if these new guidelines were applied to his offense, the prior felony the sentencing court would have used to enhance his base offense would have only raised his level by possibly four, and certainly no more than eight levels. If the Court were to use the 4 level increase, and giving the Petitioner the 3 level reduction for acceptance of responsibility, the total would be a level 9. This level 9 with a Criminal History Category of 4 would call for a sentence of between 12 and 18 months.

If, however, the Sentencing Court were to use the 8 level increase instead of the four, and subtracting the 3 level acceptance of responsibility reduction, his offense level would be 13. With a Criminal History Category of 4, his sentence would be 24-30 months.

However, for whatever reasons, the Sentence Commission did not make this Amendment retroactive, and this is where argument begins.

### THE ARGUMENT

Petitioner charges that for the Court to have sentenced him to 57 months based on a prior aggravated felony of Grand Theft, which under the new guidelines would have merited a sentence of only 30 months **at the most**, violates the Eighth Amendment of the U.S. Constitution to the United States and amounts to cruel and unusual punishment. See Solem v. Helm, 463 U.S. 277 ; 77 L. Ed.2 637 (1983)

Sentencing Guideline §2L1.2 empowers Courts to make departures on certain 'aggravated felony' offenses if the offense meets the following criteria. Specifically, application note five provides:

> Aggravated felonies that trigger the adjustment from sub-
> section (b)(1)(A) vary widely. If subsection (b)(1)(A)
> applies, and (A) the defendant has previously been convicted
> of only one felony offense; (B) such offense was not a crime

-3-

of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated offense.

Further, application note five suggests that, when the three factors identified are all present in a given case, that case is more apt to be atypical and the sentencing court is encouraged to make a downward departure based on those factors. U.S. v Alfaro-Zayas, 196 F. 3d. 1338, 1343 (11th Cir. 1999), citing Koon v U.S., 518 U.S. 81, 92,; 116 S. Ct. 2035, 2044; 135 L.Ed.2 392(1996)

A sentencing court determines whether a case falls outside the heartland of the Sentencing Guidelines by carefully assessing the facts of the case and "comparing those facts to the facts of other cases falling within the guidelines heartland." U.S. v Hoffer, 129 F.3d 1196, 1200 (11th Cir. 1997)

"In this Circuit (11th), a sentencing court 'must articulate the specific mitigating circumstances upon which it relies and the reasons why these circumstances take a case out of the guidelines heartland." U.S. v Tomono, 143 F.3d 1401, 1403 (11th Cir. 1998)

In U.S. v Alfaro-Zayas, 196 F.3d 1338 (11th Cir. 1999), the Court expressed it's frustration with the sentence called for by the guidelines:

> "Now, my personal view of that is that that is madness......I just think it makes very good sense that before people are required to spend these tremendous periods (of time) in jail that there be some reasonable period in jail in an effort to deter that conduct.....
> I don't understand any principled way that I can depart downward other than sort of a gut feeling that, yes, this sounds like a terrible harsh sentence and I ought to disregard what seem to be the predicates.
> I don't think I can do that.....short of simply casting the sentencing guidelines aside. So I am going to deny the Motion to Depart Downward."

In U.S. v Monjaras-Casteneda, 190 F.3d 326 (5th Cir. 1999), Circuit Judge Politz in his dissent, stated:

> "Finally, the very seriousness of the 16 level enhancement cannot

-4-

>go unnoticed. Using the bottom of the Guidelines range, the aggravated felony enhancement caused a **four-fold increase** in Monjaras' sentence.
>   In my opinion, the majority's holding relies on far too slender a reed to warrant this dramatic increase. Convinced that Congress meant to require a border crossing element when it authorized an aggravated felony enhancement for crimes "relating to alien smuggling," I must dissent.

While, in the instant case, the offense used as the 'aggravated felony' to trigger this 16 level enhancement was not specifically mentioned at sentencing, at best, the most serious prior that could be used would be an offense of Grand Theft in which Petitioner was sentenced to 30 months imprisonment. Surely Congress did not intend to increase an illegal entry offense three fold because of a simple 'petty theft' prior.

## REQUESTED RELIEF

Petitioner Peter Holland admits that he was in the United States without the permission of the Attorney General. He acknowledged this fact, came clean with the U.S. Attorney and his probation officer, and cooperated fully in every respect. He admits that in the early 90's he went through a period when he was in an extremely difficult financial position and he committed a couple of petty thefts in order to settle a financial obligation. But Peter Holland has not been in any type of trouble in many years.

Indeed, from 1992 until the time of his arrest, the defendant was employed at ZAP Courier Services in Miami. According to the owner of this business, Owen Edwards, the defendant was employed as a trusted courier and earning a yearly salary of $45,000. According to Mr. Edwards, Holland was a very good worker and certainly **one that he would consider for rehire. Mr. Edwards also advised "he feels the defendant is a good person.**

Petitioner Holland asks this Court to please look at all the facts of this case. Is Petitioner Holland to be punished so severely as to have to serve 57

months for an offense that, had he been sentenced a mere seven months and two days later, the maximum he could have been sentenced to would have been thirty (30) months? Petitioner believes that this court has the discretion to resentence him because his conviction is not final until his 28 U.S.C. §2255 is exhausted.

**Wherefore, Petitioner Peter Austin Howard** does hereby humbly pray unto this Court to vacate his present sentence and remand him back to the District Court for resentencing based upon the Constitutional fact that his present sentence of 57 months amounted to "cruel and unusual punishment and in violation of the 8th Amendment of the Constitution of the United States of America. Peter Austin Howard has "learned his lesson", and, when deported back to his home, vows never to return to the United States again without the permission of the Attorney General.

Respectfully submitted,

Peter Austin Holland, Pro se


### CERTIFICATE OF SERVICE

I do hereby certify that I have placed a copy of the foregoing **28 U.S.C. §2255 MOTION FOR CORRECTION OF SENTENCE** in the U.S. Mail, First Class, Postage prepaid to:

Scott H. Behnke, Assistant U.S. Attorney, 500 E. Broward Blvd, 7th Floor, Ft. Lauderdale, Fl. 33394-3002;
this the 9th day of March, 2002.

Peter Austin Holland, Pro se