UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 00-6317 FERGUSON |
| PETER HOLLAND, ) | |
| Defendant, ) | |

### FIRST AMENDMENT TO 18 USC 3582(c)(2)

Comes now the Defendant, PETER HOLLAND, and respectfully requests this Honorable Court, pursuant to rule 15(c) of the Federal Rules of Criminal Procedure, allow him to amend his 18 USC 3582 (c)(2) motion to include the following information.

### STATEMENT OF FACTS

1. On March 30, 2001, the Defendant was sentenced in the Southern District of Florida to a term of 57 months, by this Honorable Court on one count of "Illegal re-entry into the USA" after being deported following a felony conviction, under 8 USC 1326(a)(b)(2).

2. Pursuant to a Plea Agreement, the Defendant was sentenced to a term of 57 months of imprisonment, The Plea Agreement did not however state which one of the Defendant's prior offences it was using as a basis for the Deportation.

3. No Appeal was filed in this case, though it is clear to the Defendant that this was due to a miss-communication between him and his Attorney.

4. The Defendant is Currently serving his sentence at the Federal Correctional Institute in Yazoo City, Mississippi, and

Page 1 of Motion to amend.

is currently scheduled to be released on or about June 2, 2004, however should this Motion be granted, the Defendant would be eligible for release on or about August, 25th, 2002.

5. On December 26, 2001, the Defendant filed a 18 U.S.C. 3582(c)(2) Motion for a reduction in his sentence based on a subsequent change in the sentencing guidelines.

6. On February 6th, 2002, the Government filed it's responce to the Defendant's motion arguing not that he would not have been entitled to the reduction of his sentence based on the argument that "he had not committed or been deported for aggravated felony," but simply that because Amendment 632 was not listed in section 1B1 of the sentencing Guidelines, it was not retroactive. To this date, the Court has not ruled on the Defendant's 18 U.S.C. 3582(c)(2) motion.

7. The Defendant then on March 20, 2002, filed a 28 U.S.C. 2255 motion with this Court, on the grounds that his counsel was Ineffective, and that he should be entitled to relief under Amendment 632 of the November 1, 2001 sentencing guidelines.

8. On the third day of June, 2002, the Government filed a response to the Defendant's 28 U.S.C. 2255 motion, and in their response, on page "2" at the very bottom under foot note "1", they state, "the Movant raised the identical issue as in the instant motion and for reasons cited hereinafter is **more appropriately left for review pursuant to §3582(c)(2) motion.**"

9. The Defendant admits that he error in challenging this issues on both the 2255 motion as well as the 3582 motion, however as a inexperienced person of the law, the Court should allow him to withdraw the Claim with regards to the the change in the sentencing guideline issue, and grant him leave to amend

Page 2 of Motion to amend

his response to the Governments response to his 18 U.S.C. 3582 (c)(2) motion to argue just the "Retroactivity Issue," of the Government's response, Since it is by the Government's own response that states this issue is better left argued under 18 U.S.C. 3582(c)(2), and since this response and allegation came from the Government after the time to reply to the Governments response to his 18 U.S.C. 3582(c)(2) had already expired. The Defendant would ask this Honorable Court to allow the following argument on retroactivity as to the issue of relief under amendment 632 of 2001 sentencing guidelines, and allow such argument to become part of the record now being considered by this Court on his 18 U.S.C 3582(c)(2) claim.

## ARGUMENT FOR RETROACTIVITY

The Defendant would argue that although the Government is correct in the fact that Amendment 632 does not appear on the list of Amendments made retroactive in section 1B1 of the United States Sentencing guidelines, the 11th Cir. has made it clear in previous cases that a amendment need not be listed in section 1B1 if in fact it is a "Clarifying Amendment," see United States v. Comacho, 40 F3d 354 where the Court ruled, "Clarifying amendments are amendments to the commentary of the sentencing guidelines, and are considered by this Court in interpreting the Guidelines, even when the defendant was sentenced before the effective date of the amendments."

So now the only argument should be, is Amendment 632 a Clarifying amendment? The Defendant would argue that since, by the words of the Sentencing commission, "This Amendment responds to concerns rasied by a number of Judges, Probation Officers, and Defence Attorneys, particularly in Districts along the Southwest

Page 3 of Motion to amend.

border between the United States and Mexico, that §211.2 (unlawful re-entry into the United States) sometimes results in disproportionate penalties because of the 16 level enhancement provided in the guideline for a prio <u>Aggravated Felony</u>. The disproportionate penalties result because the breath of the definition of Aggravated Felony, provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a Defendant convicted of murder, for example, receives the same 16 level enhancement as a defendant previously convicted of simple assault. The Commission also observed that the Criminal Justice system has been addressing this inequity on an <u>ad hoc</u> basis in such cases by increased use of departures."

The amendment goes on to say, " This amendment response to these concerns by providing a more graduated sentencing enhancement of between 8 and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the Defendant. In doing so the commission determined that the 16 level enhancement is warranted if the defendant previously was deported or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which he received a sentence of more then 13 months, a felony that is a crime of violence, a felony that is a firearms offense, a felony that is a national security or terrorism offense, or a felony that is a human trafficking offense, and a felony that is an alien smuggling offense committed for profit. Other felony drug offenses will received a 12 level enhancement. All other "aggravated felony offenses will receive an 8 level enhancement." This is a "Clarifying Amendment."

Page 4 of Motion to amend.

The Defendant would further ask the Court to note, that the commentary in 2L1.2 was completely erased and the above was put in it's place, therefore this does amount to a **"Clarifying,"** amendment, rather then a Substantial change to the amendment, and in as much so, it should be considered by this court as a Appellate change, rather then in just the context of a sentencing guideline change. see United States v. Comacho, 40 F3d 354, (11th. Cir.).

## CONCLUSION

The Defendant/Movant would ask that this Honorable Court vacate and remand for resentencing, to a sentence based on a Base Offense level of 8, plus a enhancement of 8, minus 3 points for acceptance of responsibilitiy, and a criminal history category of IV, giving him a sentencing range of 24 to 30 months, and that he be resentenced to the bottom end of the guidelines giving him a total sentence of 24 months beginning November, 17 2001, the date of his arrest.

Dated this 26 day of July 2002,   Respectfully Submitted by;

_____
Peter Holland, pro se'
#01091-265
P.O. Box 5000
Yazoo City, MS. 39194

## CERTIFICATE OF SERVICE

I Peter Holland, do depose and say that all the statements contained in this motion are true and correct to the best of my knowledge, and that a true and correct copy of this motion was sent to the United States Attorneys, Office at: Scott Behnke, 500 Broward Blvd. 7th Floor, Ft. Lauderdale, FL. 33394-3003, by depositing a true and correct copy in the United States Postal Box located at the Federal Correctional Institute, In Yazoo City, Mississippi, on the     day of     2002,

Dated this 26 day of July 2002, Submitted by:

_____
Peter Holland.